# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| ROBERT LEE JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV414-119 |
| | ) | |
| DETECTIVE SEAN SUEAQUAN | ) | |
| DETECTIVE DAVID ARBIZO | ) | |
| DETECTIVE M. SHIRO, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Inmate-plaintiff Robert Lee Jones brings this 42 U.S.C. § 1983 case against three police detectives who, he claims, wrongfully seized his personal property.[1] Doc. 1 at 5. He reveals that he sued them in state

---

[1] As Jones is proceeding *in forma pauperis* ("IFP"), docs. 5 & 6, the Court will now screen his case under 28 U.S.C. § 1915(e)(2)(B)(ii) to determine whether his claim is frivolous, malicious, fails to state a claim for relief, or seeks monetary relief from a defendant immune from such relief.

The Court applies the Fed. R. Civ. P. 12(b)(6) standards here. *Leal v. Ga. Dep't of Corrs.*, 254 F.3d 1276, 1278–79 (11th Cir. 2001). Allegations in the complaint are thus viewed as true and construed in the light most favorable to the plaintiff. *Bumpus v. Watts*, 448 F. App'x 3, 4 n. 1 (11th Cir. 2011). But conclusory allegations fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a 12(b)(6) dismissal). "[T]he pleading standard [Fed. R. Civ. P.] 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citations omitted); *see also Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (*pro se* pleadings are still construed liberally after *Iqbal*).

court and filed things like a motion for entry of default and for contempt but that court "failed to act upon the [those] motions." *Id.* This Court has located the online docket for that case, *see* attached print-out, and it appears that there has been no action taken in that case since Jones filed a "Motion for Contempt Sanctions" on June 14, 2013. Jones wants this Court to, *inter alia,* direct the defendants to return his property and pay him damages. Doc. 1 at 6. In other words, he has become impatient with the state court and wants this Court to take over that case.

Had the state court docket shown that Jones' case went to a final judgment, his case here would be barred by the *Rooker-Feldman* doctrine, which precludes a federal district court from serving as a court of appellate review from state court judgments. *Linge v. State of Georgia Inc.,* 2014 WL 2854971 at * 1 (11th Cir. June 24, 2014).[2] But no final judgment is cited. So while "certain of the prerequisites to the application of the *Rooker–Feldman* doctrine are met here, the absence of a final state court judgment precludes the Court

---

[2] "The *Rooker–Feldman* doctrine is derived from *Rooker v. Fid. Trust Co.,* 263 U.S. 413, 415–16, 44 S. Ct. 149, 68 L. Ed. 362 (1923), and *D.C. Court of Appeals v. Feldman,* 460 U.S. 462, 476–82, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983)." *Linge,* at *2 n. 1.

from invoking this doctrine." *Selakowski v. Fed. Home Loan Mortg. Corp.*, 2014 WL 1207874 at * 3 (E.D. Mich. Mar. 24, 2014).

None of that matters because even assuming that Jones can properly move his case to this Court, his claims would fail outright. "[T]he negligent deprivation of property does not amount to a constitutional violation actionable under § 1983. *Daniels v. Williams*, 474 U.S. at 328, 333-34 (1986)." *Smith v. St. Lawerence*, 2013 WL 4077500 at * 1 (S.D. Ga. Aug. 12, 2013), *adopted*, 2013 WL 5874580 (S.D. Ga. Oct 31, 2013). And "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533, (1984); *Lauderdale v. Tucker*, 2013 WL 3441025 at * 4 (N.D.Fla. July 9, 2013). A meaningful post-deprivation remedy (conversion, etc.) exists,[3] as well as mandamus

---

[3] As another court explains:

OCGA § 51-10-1 states: "The owner of personalty is entitled to its possession. Any deprivation of such possession is a tort for which an action lies." "This statute embodies the common law action of trover and conversion." (Citations omitted.) *Grant v. Newsome*, 201 Ga.App. 710(1), 411 S.E.2d 796 (1991).

3

to compel a lower court to act should no express procedural remedy otherwise exist—nothing, by the way, stops Jones from moving the state court for a ruling on his motions; sometimes cases simply get administratively misplaced. *Clark v. Hunstein*, 291 Ga. 646 (2012); *Bledsoe v. Banke*, 258 Ga. 815, 815 (1989). Accordingly, this case must be **DISMISSED WITH PREJUDICE**.

Finally, plaintiff must pay his filing fee. His furnished account information shows that he has no funds in his prison account during the past six months. Doc. 5. He therefore owes no partial filing fee. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). His custodian (or designee) therefore shall remit to the Clerk of Court (payable to the "Clerk of Court") 20 percent of all future deposits to the account, then forward those funds to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full.

---

*Romano v. Georgia Dept. of Corrections*, 303 Ga. App. 347, 349 (2010); *see also id.* at 351-52 (prison warden and corrections officers were not subject to liability in their individual capacities for violating inmate's constitutional rights by wrongfully confiscating his personal property; warden and corrections officers' alleged intentional and unauthorized confiscation of inmate's property did not constitute a violation of the due process clause of the Fourteenth Amendment when a meaningful postdeprivation remedy for the loss was available under the state tort law).

Also, the Clerk is **DIRECTED** to send this Order to plaintiff's account custodian immediately, as this payment directive is nondispositive within the meaning of Fed.R.Civ.P. 72(a), so no Rule 72(b) adoption is required. In the event plaintiff is transferred to another institution, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from the plaintiff shall be collected by the custodian at his next institution in accordance with the terms of this Order.

**SO REPORTED AND RECOMMENDED** this 15Th day of September, 2014.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA